IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>SUNSHINE TRUCKING, LLC,<br>　　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 5:20-cv-04481-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 8, 2021**

　　　Plaintiff is an insurance company that seeks a default judgment on the grounds that Defendant has failed to plead or otherwise defend against the Complaint. Before the Court is Plaintiff's motion for default judgment against Defendant (ECF No. 7). For the reasons set forth below, the Plaintiff's motion is granted in part and denied in part.

**I.　　BACKGROUND**

　　　Between August 1, 2018 and August 1, 2019, Defendant Sunshine Trucking, LLC was covered by a workers' compensation insurance policy issued by Plaintiff Zurich American Insurance Company of Illinois. Compl. ¶ 6, ECF No. 1. Under the terms of that policy, initial premiums were based on information submitted by Defendant concerning its estimated exposure during the coverage period. *Id.* ¶ 9; *see also* Cook Aff. ¶ 7, ECF No. 7-7. After expiration of the policy, Plaintiff was entitled to perform an audit and calculate a final premium based on Defendant's actual exposure during the coverage period. Compl. ¶ 10, ECF No. 1; *see also* Cook Aff. ¶ 8, ECF No. 7-7. A post-expiration audit of Defendant's policy revealed $185,138 in additional insurance premiums. Compl. ¶ 11, ECF No. 1; *see also* Cook Aff. ¶ 9, ECF No. 7-7.

Plaintiff made repeated demands for the payment of these additional premiums, all to no avail. Compl. ¶¶ 12–14, ECF No. 1; *see also* Cook Aff. ¶¶ 10–12, ECF No. 7-7. As a result, Plaintiff filed a complaint against Defendant on September 14, 2020, raising claims for breach of contract, unjust enrichment, and account stated. Compl. ¶¶ 15–32, ECF No. 1. The Complaint was properly served on Defendant on November 21, 2020. ECF No. 4. Defendant failed to answer the Complaint and, to date, has not appeared in this action. Accordingly, on Plaintiff's request, the Clerk of Court entered default on December 16, 2020.

On January 12, 2021, Plaintiff filed a motion for default judgment against Defendant. ECF No. 7.

## II.   LEGAL STANDARD

District courts have discretion to enter default judgments. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *see also* Fed. R. Civ. P. 55(b)(2). Before entering a default judgment, this Court must first determine whether it "has subject-matter jurisdiction and personal jurisdiction, whether service of process was proper, and whether the complaint establishes a legitimate cause of action against the defendant." *Rios v. Marv Loves 1*, No. 13-cv-1619, 2015 WL 5161314, at *8 (E.D. Pa. Sept. 2, 2015).

This Court must then conclude that a default judgment is appropriate after considering the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Finally, if this Court decides to enter a default judgment, it "must address the quantum of damages or other recovery to be awarded." *Rios*, 2015 WL 5161314, at *13.

For purposes of this motion, "[t]he court accepts as true the well-pleaded factual

allegations in the plaintiff's complaint, except those relating to damages." *Id.* at \*9 (citing *State Farm Fire & Cas. Co. v. Hunt*, No. 14-6673, 2015 WL 1974772, at \*3 (E.D. Pa. May 4, 2015)).

## III. DISCUSSION

### A. Jurisdiction and Service

This Court has diversity jurisdiction over the action. *See* 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000. *See* Compl. ¶¶ 1–14, ECF No. 1. This Court also has personal jurisdiction over Defendant, which is a Pennsylvania limited liability company with its principal place of business in Pennsylvania. *See id.* ¶ 2; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (recognizing place of incorporation and principal place of business as "paradigm" bases for personal jurisdiction). Finally, Defendant was properly served under Fed. R. Civ. P. 4(h)(1). *See* ECF No. 4.

### B. Cause of Action

To establish breach of contract under Pennsylvania law,[1] Plaintiff must prove "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)). Plaintiff alleges that (1) the parties entered a valid insurance contract (*see* Compl. ¶¶ 6–7, ECF No. 1); (2) Defendant's failure to pay $185,138 in premiums amounted to a breach of that contract (*see id.* ¶¶ 17–18);

---

[1] "A federal court in Pennsylvania exercising diversity jurisdiction must apply Pennsylvania choice of law rules to decide which state's law applies, including its rules for determining whether a choice of law clause is valid." *Catlin Specialty Ins. Co. v. J.J. White, Inc.*, 309 F. Supp. 3d 345, 353 (E.D. Pa. 2018). Under Pennsylvania's choice of law rules, this Court must first determine whether there is an "actual conflict" between the laws of two states. *Rose v. Dowd*, 265 F. Supp. 3d 525, 530 (E.D. Pa. 2017). This Court finds no conflict between Pennsylvania and Illinois law regarding breach of contract claims. *Compare Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020), *with Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691, 715 (N.D. Ill. 2017). Pennsylvania law therefore governs this claim.

and (3) Plaintiff was damaged as a result of the breach (*see id.* ¶ 21). Plaintiff has therefore established a legitimate cause of action against Defendant.[2]

      **C.**     **Appropriateness of Default Judgment**

Having found a legitimate cause of action against Defendant, this Court must now consider the "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164.

All three factors suggest that a default judgment is appropriate in this case. Defendant still has not appeared in this action, and further delay would prejudice Plaintiff. *See Md. Cas. Co. v. Frazier Fam. Tr.*, Civil Action No. 13-211, 2014 WL 345218, at *3 (E.D. Pa. Jan. 30, 2014). Further, Defendant does not appear to have a litigable defense, and culpability may be presumed where, as here, "a defendant offers no reason for its failure to engage in the litigation process." *Id.* at *4 (citing *E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009)).

      **D.**     **Damages**

Because a default judgment is appropriate here, the Court next turns to damages. Plaintiff requests that default judgment "be entered against [Defendant] in the sum certain amount of $185,138." Thomas Aff. ¶ 9, ECF No. 7-1. This request reflects the unpaid premiums discovered in the post-expiration audit of Defendant's policy. *See* Cook Aff. ¶ 9, ECF No. 7-7; *see also* Cook Aff. Ex. C, ECF No. 7-10. Plaintiff has proven its entitlement to $185,138 in damages. *See*

---

[2] Plaintiff also brings claims for unjust enrichment and account stated. Compl. ¶¶ 22–32, ECF No. 1. Because these claims rest on the same allegations and request the same relief as the breach of contract claim, "the Court need not address these additional claims." *Zurich Am. Ins. Co. of Ill. v. Option Staffing Servs., LLC*, Civil Action No. 17-2562, 2017 WL 6388955, at *2 n.1 (D.N.J. Dec. 13, 2017).

*Morgan v. RCL Mgmt., LLC*, No. 18-cv-0800, 2020 WL 3429444, at *1 (E.D. Pa. June 23, 2020) ("The plaintiff bears the burden of proving that they are entitled to recover damages and must substantiate the amount, such as through affidavits or other appropriate evidence" (citing *Punter v. Jasmin Int'l Corp.*, No. 12-7828, 2014 WL 4854446, at *3 (D.N.J. Sept. 30, 2014))).

Plaintiff also requests interest, attorney's fees, and court costs. *See* Compl. ¶¶ 21, 27, 32, ECF No. 1; *see also* Cook Aff. ¶ 13, ECF No. 7-7. The Court will grant Plaintiff thirty days' leave to file an interest calculation, and Plaintiff can request the Clerk of Court to tax costs against Defendant under Fed. R. Civ. P. 54 and Local Rule 54.1. *See McKenna v. City of Phila.*, 582 F.3d 447, 454 (3d Cir. 2009) ("Under the procedures outlined in Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(b), the Clerk taxes costs, and then, if there is an objection to the Clerk's action, the District Court reviews the Clerk's award."); *see also* Local R. Civ. P. 54.1(b) ("All bills of costs requiring taxation shall be taxed by the Clerk . . . .").

However, "Pennsylvania law does not allow awards for attorneys' fees in suits for ordinary breach of contract . . . 'unless there is express statutory authorization, a clear agreement of the parties[,] or some other established exception.'" *Canters Deli Las Vegas, LLC v. FreedomPay, Inc.*, 460 F. Supp. 3d 560, 574 (E.D. Pa. 2020) (quoting *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009)). Plaintiff has not justified its request for attorney's fees, so that request is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge
